JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
SHAWN T. ANDREWS (Cal. Bar No. 319565)
Assistant United States Attorney
Deputy Chief, General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6104
    E-mail:    shawn.andrews@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-545-AB-19 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT CARLOS JACO-VILLALOBOS |
| v. | |
| PAVEL HURTADO, et al. | |
| Defendants. | |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Shawn T. Andrews, hereby files its Sentencing Position.

//

//

//

This Sentencing Position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 6, 2025                    Respectfully submitted,

                                        JOSEPH T. MCNALLY
                                        Acting United States Attorney

                                        LINDSEY GREER DOTSON
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                        _____/s/_____
                                        SHAWN T. ANDREWS
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.    INTRODUCTION**

3

On October 9, 2024, defendant Carlos Jaco-Villalobos

4

("defendant") pleaded guilty to Count One of the Indictment, which

5

charged him with Conspiracy to Distribute and to Possess with Intent

6

to Distribute at Least 50 Grams of Methamphetamine, in violation of

7

21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A).  The Court ordered the

8

production of a presentence investigation report ("PSR") and

9

ultimately set sentencing for March 14, 2025.  The U.S. Probation

10

Office ("USPO") issued its PSR on January 2, 2025, calculating a

11

total offense level of 25 and a Criminal History Category ("CHC") of

12

I, yielding a United States Sentencing Guidelines ("Guidelines")

13

range of 120 months.

14

For the reasons discussed more fully below, the government

15

concurs with USPO's calculation of total offense level and CHC and

16

respectfully requests that the Court impose a sentence of 120 months,

17

followed by five years of supervised release.

18

**II.   STATEMENT OF FACTS**

19

Beginning in late 2021, a joint local-Federal law enforcement

20

Task Force led by the FBI began working with a former MS-13 member as

21

a confidential informant ("CI").  The CI used his bona fides as a

22

former MS-13 member to strike up a relationship with the overall

23

leader of MS-13 in Los Angeles, an incarcerated member of the Mexican

24

Mafia who is serving a life sentence in the California Department of

25

Corrections and Rehabilitation (the "MS-13 Inmate").  Through this

26

relationship, the CI learned that the MS-13 Inmate imposed a rule

27

that required each Los Angeles-based MS-13 clique to sell three

28

ounces of methamphetamine a week, with some of the profits of those

1  sales flowing to the MS-13 Inmate.  Upon learning this information,
2  law enforcement tasked the CI to pose as an eager buyer of
3  methamphetamine in his interactions with the MS-13 Inmate.  When the
4  MS-13 Inmate learned about the CI's appetite for large quantities of
5  methamphetamine, he introduced the CI to various Los Angeles-based
6  MS-13 members and vouched for the CI as someone who could be trusted
7  to buy methamphetamine from MS-13.  Blessed with the imprimatur of
8  the MS-13 Inmate, the CI began moving easily through MS-13 Los
9  Angeles cliques and met more and more MS-13 members who were happy to
10 supply the CI with methamphetamine.  One such member was defendant,
11 who agreed to sell the CI three ounces of methamphetamine on April
12 29, 2023.  That deal was completed when a co-defendant sold the CI
13 approximately two and a half ounces of methamphetamine on May 2,
14 2023.

15 **III. THE PRESENTENCE REPORT**

16      In the PSR, the Probation Officer calculated a total offense
17 level of 25 (PSR ¶¶ 59-72) and a CHC of I (PSR ¶¶ 77-80).  The
18 government concurs with the PSR's total offense level calculation and
19 CHC calculation.

20 **IV.  ANALYSIS OF THE 18 U.S.C. § 3553(a) FACTORS**

21      The government respectfully recommends that this Court impose a
22 within-Guidelines sentence of 120 months, followed by five years of
23 supervised release.  Such a sentence would be sufficient, but not
24 greater than necessary, to meet the purposes of 18 U.S.C. § 3553.
25 While not definitive, the Guidelines range provides the starting
26 point for finding a reasonable sentence, which is then considered in
27 conjunction with the factors set forth in 18 U.S.C. § 3553(a).  See
28 United States v. Cantrell, 433 F.3d 1269, 1279 (9th Cir. 2006).

1    Being in his mid-40s, defendant should have moved past any

2 participation in criminal activity long ago.  Instead, he chose to

3 participate in the charged drug trafficking conspiracy and has found

4 himself facing 120 months in prison.  Undoubtedly, that reality only

5 serves to reinforce for defendant the notion that he should have

6 graduated from a life of crime long ago.  That stark truth alone is

7 enough to demonstrate the sufficiency of that sentence.

8 **V.    CONCLUSION**

9    For the foregoing reasons, the government concurs with the

10 USPO's calculation assigning defendant a CHC of I and an offense

11 level of 25, and recommends that this Court impose a within-

12 Guidelines sentence of 120 months, followed by five years of

13 supervised release and payment of a $100 special assessment.

14  Dated: March 6, 2025                Respectfully submitted,

15                                      JOSEPH T. MCNALLY
                                        Acting United States Attorney
16
                                        LINDSEY GREER DOTSON
17                                      Assistant United States Attorney
                                        Chief, Criminal Division
18

19                                          /s/
                                        _____
20                                      SHAWN T. ANDREWS
                                        Assistant United States Attorney
21
                                        Attorneys for Plaintiff
22                                      UNITED STATES OF AMERICA

23

24

25

26

27

28

                                    3